## Case No. 882.

### BANK OF COLUMBIA v. SWEENY.

[3 Cranch, C. C. 293.] [1]

Circuit Court, District of Columbia. May Term, 1828.

STATUTE OF LIMITATIONS—OFFER TO COMPROMISE.

An offer to compromise a debt by payment of one half without interest, is not sufficient to take the case out of the statute of limitations.

[See Ash v. Hayman, Case No. 572; Neil v. Abbott, Id. 10,088.]

This was an execution against the defendant [George Sweeny] issued by order of the president of the Bank of Columbia, under its charter of 1793, c. 30, without a judgment, the execution being the first process in the suit. The defendant pleaded the act of limitations. [See Bank of Columbia v. Sweeny, Case No. 881.] To rebut this plea the plaintiffs offered evidence that, seven years after the note on which the suit was brought, was barred by the statute, the defendant offered to give his note for one half of the amount of the original note, if the bank would relinquish all claim to the balance and interest, and permit him to pay as he should find it convenient. The bank said they would accept the proposition, but their acceptance was never made known to the defendant, and nothing further passed between the parties, until this suit was commenced by execution under the power given by the charter of the bank.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, and so instructed the jury, that this evidence was not sufficient to take the case out of the statute of limitations.

## Case No. 883.

### BANK OF COLUMBIA v. WRIGHT.

[3 Cranch, C. C. 216.] [1]

Circuit Court, District of Columbia. Dec. Term, 1827.

WITNESS—OATH AND AFFIRMATION—LAW OF MARYLAND.

By the law of Maryland, witnesses can be permitted to testify upon affirmation, only when they are members of some religious society who profess to be conscientiously scrupulous of taking an oath.

[See King v. Fearson, Case No. 7,790.]

Mr. Daniel Kurtz, being called as a witness for the plaintiffs, objected to taking the usual oath; and said he held the doctrine of the

Society of Friends upon that point; but could not say he was a member of that society, but he generally worshipped with them.

The defendant's counsel, Mr. Jones, objected to his giving testimony, otherwise than upon oath. He cannot be permitted to testify upon affirmation, unless he is a member of some society who hold it unlawful to take an oath. Such has been the construction of the law in Maryland. He cited the Bill of Rights of Maryland, § 36, and the Maryland act, 1797, c. 118.

Mr. J. Dunlop, contra. The judiciary act of the United States, § 30, (1 Stat. 73,) authorizes witnesses to be sworn or affirmed. There is no law of the United States, which directs in what cases they shall be sworn, and in what they may affirm.

THE COURT (nem. con.) said they felt bound by the decisions of the Maryland courts upon that statute, (1797, c. 118.) The witness cannot be permitted to testify on affirmation, unless he is a member of a society who profess to be conscientiously scrupulous of taking an oath. The parties agreed to continue the cause, to give time to apply to congress, to amend the law on that subject.